UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Joe Sellers,<br><br>             Plaintiff,<br>    v.<br><br>State Collection Service, Inc.; and DOES 1-10, inclusive,<br><br>             Defendants. | Civil Action No.: 3:15-cv-00148 |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Joe Sellers, by counsel, hereby submits his response in opposition to the Motion for Summary Judgment [Dkt. # 9] filed by Defendant, State Collection Service, Inc. ("SCS"), on November 20, 2015.

**I.        Procedural Background and Preliminary Statement**

On March 6, 2015, Plaintiff filed this lawsuit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") for Defendant SCS's repeated calls to Plaintiff after he explicitly asked SCS to completely cease calling him, and specifically, to cease calling him during working hours. [Dkt. # 1, ¶¶ 11-13].

On November 20, 2015, Defendant SCS filed a Motion for Summary Judgment. [Dkt. # 9]. Shortly thereafter, on December 4, 2015, in response to Plaintiff's Interrogatories and Request for Production of Documents to Defendant, SCS produced "account notes" and six (6) recordings of conversations between SCS and Plaintiff.

Upon reinvestigation of Plaintiff's case in preparing to respond to SCS's motion for summary judgment, Plaintiff's counsel reviewed the above-described recordings. The recordings

1

produced by SCS show that in addition to the December 1, 2014 phone call discussed in Plaintiff's Complaint, Plaintiff additionally asked SCS to cease calling him on other occasions, yet SCS nevertheless ignored Plaintiff's request and continued to call Plaintiff. Moreover, one of the recordings shows that SCS was aware of Plaintiff's prior request to SCS asking it to cease calling him. *See* Declaration of Joe Sellers ("Sellers Declaration"), attached hereto as <u>Exhibit 1</u>.

On December 15, 2015, Plaintiff moved for leave to amend his Complaint to set forth additional factual allegations discovered during undersigned counsel's review of SCS's discovery productions. The Court denied Plaintiff's motion to amend his Complaint on December 18, 2015, and ordered Plaintiff to instead respond to Defendant's motion for summary judgment. [Dkt. #16].

On December 21, 2015, the Court entered a separate order which noted that "Plaintiff's original complaint does not foreclose him from pressing claims based on calls or activities that he documented or found out about during discovery." [Dkt. #17].

The evidence in the record establishes a genuine issue of material fact as to when, how often, and in what manner Plaintiff asked SCS to cease calling him, as well as how often SCS continued to contact Plaintiff after his requests for it to cease calling.

## II. Statement of Material Facts in Dispute

On November 19, 2014, SCS placed its first phone call to Plaintiff in an attempt to collect an alleged consumer debt. SCS Account Notes p.2 (attached as <u>Exhibit B</u> to Sellers Declaration)[1]; Sellers Declaration p.1, ¶ 2. On that same day, Plaintiff spoke with SCS. SCS Account Notes p. 2; SCS Nov. 19, 2014 Recording (attached as <u>Exhibit A</u> to Sellers

---

[1] "SCS Account Notes" refers to SCS's "account notes" that it produced to Plaintiff on December 4, 2015 in response to Plaintiff's request for production of documents to SCS.

Declaration)[2]; Sellers Declaration p.1, ¶ 2-3.  The recording of the November 19, 2014 conversation between Plaintiff and SCS, as tendered by SCS, does not accurately reflect the entire conversation that occurred between Plaintiff and SCS. Sellers Declaration p.1, ¶ 3.  The recording terminates mid-sentence, after a SCS representative stated "We have a $97.52 balance in our office with Northwest Hospital Medical Center and we just need." SCS Nov. 19, 2014 Recording; Sellers Declaration p.1, ¶ 3.  The conversation between Plaintiff and SCS continued after the recording ended.  Sellers Declaration p.1, ¶ 3.

On December 1, 2014, SCS called Plaintiff at which time Plaintiff advised SCS, "I don't want to talk to you."  SCS Account Notes p. 2; SCS Dec. 1, 2014 Recording submitted by SCS in support of its Motion for Summary Judgment [Dkt. #12-2].[3]  During the December 1, 2014 conversation between SCS and Plaintiff, Plaintiff stated to SCS "I don't want to talk to you." SCS Dec. 1, 2014 Recording; Sellers Declaration p.1, ¶ 4.

Thereafter, SCS continued to call Plaintiff.  Sellers Declaration p. 2, ¶ 5.  The account notes produced by SCS reflect the fact that between December 1, 2014 and January 30, 2015, SCS called Plaintiff on December 2, 2014, December 9, 2014, December 16, 2014, December 19, 2014, December 26, 2014, December 29, 2014, January 5, 2015, January 12, 2015, January 15, 2015, January 22, 2015, and January 26, 2015. SCS Account Notes pp. 2-3; Sellers Declaration p. 2, ¶ 5.  In addition to those dates, SCS called Plaintiff on December 3, 2014, December 10, 2014, December 17, 2014, December 30, 2014, and January 7, 2015. Sellers Declaration p. 2, ¶ 5; Sellers cellular telephone records pp. 7, 19, 23, 28, 44 (attached as Exhibit

---

[2] "SCS Nov. 19, 2014 Recording" refers to a recording of a portion of a conversation that occurred on November 19, 2014 between SCS and Plaintiff.  SCS produced the recording to Plaintiff on December 4, 2015 in response to Plaintiff's request for production of documents to SCS.

[3] "SCS Dec. 1, 2014 Recording" refers to a recording of a conversation that occurred on December 1, 2014 between SCS and Plaintiff.  SCS produced the recording to Plaintiff on December 4, 2015 in response to Plaintiff's request for production of documents to SCS.

C to Sellers Declaration). The SCS Account Notes do not reflect those calls. *Id*.

On January 30, 2015, after Plaintiff received several calls following his December 1, 2014 request for SCS to stop calling him, SCS placed another call to Plaintiff at approximately 9:03 a.m. Sellers Declaration p. 2, ¶ 6; Sellers cellular telephone records p. 14. Approximately one hour later, at 10:07 a.m., Plaintiff placed an outbound call to SCS wherein the following exchange between Plaintiff and SCS occurred:

> **SCS**: This a recorded and monitored line. My name is June, how can I help you?
>
> **Plaintiff**: You called my number, 206-787-2477.
>
> **SCS**: Excuse me, is this Joe?
>
> **Plaintiff**: Who are you?
>
> **SCS**: My name is June.
>
> **Plaintiff**: I know that, but I'm saying, where are you calling from? What do you want?
>
> **SCS**: My name is – excuse me – I'm calling from State Collection Service.
>
> **Plaintiff**: What?
>
> **SCS**: I'm calling from State Collection Service.
>
> **Plaintiff**: Alright, you need to hang up and don't call me no more. I'm sick of you guys calling me and as soon as I say "hello," you hang up.
>
> **SCS**: You're extremely rude sir.

SCS Jan. 30, 2015 Recording (attached as <u>Exhibit D</u> to Sellers Declaration)[4]; Sellers Declaration p.2, ¶6. The SCS Account Notes do not reflect the fact that this conversation took place. SCS Account Notes; Sellers Declaration p.2, ¶ 7.

---

[4] "SCS Jan. 30, 2015 Recording" refers to a recording of a conversation that occurred on January 30, 2015 between SCS and Plaintiff. SCS produced the recording to Plaintiff on December 4, 2015 in response to Plaintiff's request for production of documents to SCS.

4

Thereafter, and despite Plaintiff's explicit and unequivocal request to SCS for it to cease placing calls to him, SCS called Plaintiff on February 2, 2015, February 9, 2015, February 10, 2015, and February 16, 2015. SCS Account Notes p. 3; Sellers Declaration p.2, ¶ 8.  The SCS Account Notes do not reflect SCS's February 10, 2015 call to Plaintiff. SCS Account Notes p. 3; Sellers Declaration p.2, ¶ 8; Sellers cellular telephone records p. 5.

On February 17, 2015, Plaintiff placed an outbound call to SCS. SCS Account Notes p. 3; SCS Feb. 17, 2015 Recording (attached as Exhibit E to Sellers Declaration)[5]; Sellers Declaration p.2, ¶ 9.  During the ensuing conversation, Plaintiff advised SCS that it had been repeatedly calling him despite the fact that he "instructed [SCS] callers that I'm at work and could get fired for being on the phone." SCS Feb. 17, 2015 Recording; Sellers Declaration p.3, ¶ 9.  A female SCS employee who identified herself as "Margaret," told Plaintiff, "our system usually dials out automatically. It's an automated system, so unfortunately there's no way for us to actually hold the phone calls." Id.  Moreover, Margaret acknowledged that Plaintiff previously asked SCS to cease calling him, stating "it looks like there is a Harborview Medical Center [debt] also, but in the past, it looks like you said you didn't want our representative to call you about that anymore." Id.

While SCS representative Margaret stated that Plaintiff did not want SCS to call him about a specific "Harborview Medical Center" debt, Plaintiff asked SCS on January 30, 2015 to cease calling him with respect to any matter. Sellers Declaration p.3, ¶ 10; Jan. 30, 2015 Recording.  In addition to the six conversations between SCS and Plaintiff which SCS produced recordings of, Plaintiff spoke with, and asked SCS to cease calling him on other occasions.

---

[5] SCS Feb. 17, 2015 Recording" refers to a recording of a portion of a conversation that occurred on February 17, 2015 between SCS and Plaintiff.  SCS produced the recording to Plaintiff on December 4, 2015 in response to Plaintiff's request for production of documents to SCS.

5

Sellers Declaration p.3, ¶ 11.

### III. Argument

*a. Summary Judgment Standard.*

It is well-recognized that summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In considering a motion for summary judgment, the Court must draw all reasonable inferences in favor of Mr. Sellers, the non-movant. *Venters v. City of Delphi*, 123 F.3d 956, 962 (7th Cir. 1997). If genuine doubts remain and a reasonable fact-finder could find for the party opposing the subject motion, summary judgment is inappropriate. *See Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989).

A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608-09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, in ruling on a summary judgment motion, a court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609.

Summary judgment should be granted "only where it is perfectly clear that there is no

dispute about either the facts of the controversy or the inferences to be drawn from such facts." *Cent. Nat'l Life Ins. Co. v. Fid. & Deposit Co. of Md.*, 626 F.2d 537, 539 (7th Cir.1980) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962)).

    b. *<u>The material facts concerning the issues of when and how often Mr. Sellers asked SCS to cease calling him, and how often SCS called him after such requests, are in dispute, thus precluding summary judgment</u>.*

In its bid for summary judgment, SCS focuses on the December 1, 2014 conversation between SCS and Plaintiff. It argues that during this conversation, Plaintiff did not explicitly tell SCS its calls to him while he was at work were inconvenient. Thus, SCS argues, it did not violate the FDCPA. However, the evidence designated herein and provided by SCS, by and through its December 4, 2015 responses to Plaintiff's Interrogatories and Request for Production of Documents, along with Plaintiff's own phone records, show that Plaintiff asked SCS on other occasions, aside from December 1, 2014, for it to cease calling him. Specifically, as described above, the evidence shows that in addition to the December 1st, 2014 conversation, Plaintiff asked Defendant to cease calling him on January 30, 2015. The evidence in the record shows that SCS continued to call Plaintiff at least four more times thereafter. Defendant conveniently *never* mentions the January 30, 2015 conversation *anywhere* in its motion.

The above-described evidence conclusively shows that SCS violated the FDCPA by continuing to call Plaintiff after he explicitly asked SCS to cease calling him. At a bare minimum, such evidence establishes a material issue of fact as to when Plaintiff first asked SCS to cease calling and as to whether SCS ceased calling Plaintiff after his cease and desist request.

Further, although the documents produced by SCS alone show that SCS violated the FDCPA, as set forth in Plaintiff's Declaration, Plaintiff believes that some of SCS's recordings are incomplete. Sellers Declaration p.1, ¶ 3. Plaintiff additionally believes that there were

additional conversations between SCS and him which are not captured in SCS's recordings. Sellers Declaration p.3, ¶ 11. Such contentions establish that there are additional material issues of fact that should be left for a jury to decide and which effectively preclude summary judgment.

## IV. Conclusion

Based on the foregoing, and in light of the existence of material issues of fact, Defendant's motion for summary judgment should be denied, and all other appropriate relief should be allowed.

Dated: December 31, 2015      Respectfully submitted,

By  */s/ Amy L. Cueller*
Amy L. Cueller, Esq., #15052-49
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 31, 2015, a true and correct copy of the foregoing was served electronically by the U.S. District Court for the Western District of Wisconsin Electronic Document Filing System (ECF) which sent notice of such filing to the following:

David McDorman, Esq.
2923 Marketplace Drive
Madison, Wisconsin 53719
david@mcdormanlaw.com
*Attorney for Defendant*

                                         By __/s/ Amy L. Cueller___
                                             Amy L. Cueller